UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

GINA YOB,

    Plaintiff,

v.

                              Hon. Paul L. Maloney

                              Case No. 1:21-cv-617

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act. (ECF No. 17). On November 29, 2021, the Court remanded this matter to the Commissioner for further administrative action pursuant to sentence four of 42 U.S.C. § 405(g). Plaintiff's counsel now seeks $6,316.54 in attorney's fees. Defendant does not object to counsel's request. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be granted in part and denied in part.

Pursuant to the Equal Access to Justice Act (EAJA), the prevailing party in an action seeking judicial review of a decision of the Commissioner of Social Security may apply for an award of fees and costs. See 28 U.S.C. § 2412(d)(1)(A). While a prevailing party is not entitled, as a matter of course, to attorney fees under the EAJA, *see United States v. 0.376 Acres of Land*, 838 F.2d 819, 825 (6th Cir. 1988), fees and costs are to be awarded unless the Court finds that the Commissioner's

position was "substantially justified," or that "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

Counsel requests to be compensated at an hourly rate of $204.75. As at least one court in this District has noted, the amount requested by counsel is significantly higher than that paid to attorneys performing comparable work representing individuals in litigation against the federal government. *See, e.g., Weaver v. Commissioner of Social Security*, 2021 WL 1269547 at *1 (W.D. Mich., Mar. 19, 2021). While sympathetic to this position, the undersigned nevertheless finds reasonable the requested EAJA rate. *See Belanger v. Commissioner of Social Security*, Case No. 2:20-cv-009, Opinion and Order, ECF No. 28 (W.D. Mich.) (finding that inflation and cost-of-living increases supported increasing the hourly EAJA rate from $175 to $204.75).

Nevertheless, the number of hours for which counsel seeks to be compensated is unreasonable. *See, e.g.,* 28 U.S.C. § 2412(d)(2)(A) (a request for EAJA fees must be "reasonable"); *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (the plaintiff has the burden to demonstrate that his EAJA fee request is reasonable). Counsel seeks to be compensated for 30.85 hours of work. Of this total, 24 hours represents the amount of time expended to review the record and draft an initial brief. Counsel claims 1.5 hours to draft a three-paragraph form complaint and a one-paragraph motion seeking leave to file a brief with an excess number of pages.

While the medical record in this matter was not insubstantial, Plaintiff's brief contains only three pages of analysis related to such. The bulk of Plaintiff's brief is devoted to a discussion of an Appointments Clause issue that counsel has previously researched and briefed. *See, e.g., Shellman v. Commissioner of Social Security*, case no. 1:21-cv-47, ECF No. 24 (W.D. Mich.); *Anderson v. Commissioner*, case no. 1:20-cv-1217, ECF No. 17 (W.D. Mich.). Skilled and experienced counsel does not reasonably require 24 hours to create the brief submitted in this matter. The undersigned finds that counsel could reasonably have drafted his brief in 16 hours. The undersigned also finds that counsel could easily have drafted the complaint and aforementioned motion in .75 hours.

The undersigned, therefore, finds that counsel can reasonably seek compensation for 22.1 hours in this matter. Accordingly, the undersigned recommends that EAJA fees be awarded in the amount of four thousand, five hundred twenty-four dollars and ninety-eight cents ($4,524.98). But, in light of the Supreme Court's decision in *Astrue v. Ratliff*, 560 U.S. 586 (2010), this order awarding EAJA fees must be entered in Plaintiff's favor. *Id.* at 591-93; *see also* 28 U.S.C. § 2412(d)(1)(A) (the EAJA awards fees "to a prevailing party"); *Kerr v. Commissioner of Social Security*, 874 F.3d 926, 934-35 (6th Cir. 2017) (reaffirming that *Astrue* requires EAJA fees to be paid to the claimant).

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, (ECF No. 17), be granted in part and denied in part. Specifically, the undersigned recommends that Plaintiff be awarded four thousand, five hundred twenty-four dollars and ninety-eight cents ($4,524.98) pursuant to the EAJA and that such be paid directly to Plaintiff.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: March 8, 2022

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge